

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-26-00350-CV

**IN RE** Elizabeth Anne **RUSSELL**,

Original Mandamus Proceeding

Opinion by:     Lori I. Valenzuela, Justice
Concurring Opinion by: Velia J. Meza, Justice

Sitting:     Lori I. Valenzuela, Justice
            H. Todd McCray, Justice
            Velia J. Meza, Justice

Delivered and Filed: July 22, 2026

Relator did what many careful attorneys do. Months in advance of an anticipated absence—here, maternity leave—she filed an unavailability letter. Under Bexar County's local rules, that letter had the effect of preventing new hearings from being scheduled during her designated absence. BEXAR (TEX.) LOC. R. 9. But "[e]xisting settings will not be dropped, postponed, or rescheduled solely on the basis of a vacation or unavailability letter." *Id*. Any relief beyond the letter's reach must come "by agreed order or by motion for continuance and ruling from the Presiding Court." *Id*.

Then, facing an apparent setting for dismissal for want of prosecution, relator moved for a docket control order that would place trial after her return. Opposing counsel refused to agree, so she set the proposed order for a hearing. The trial court declined to sign any docket control order.

I write separately to make a few observations. First, only a verified motion for continuance would have provided relator relief from the existing setting. A continuance may be granted only "for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Counsel's absence justifies a continuance only "upon cause shown." *Id*. R. 253. And when a motion for continuance is unsupported by an affidavit, a reviewing court presumes the trial court did not abuse its discretion in denying it. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Sadly, pregnant counsel cannot count on agreement. The Texas Lawyer's Creed instructs lawyers to extend opposing counsel "courtesy, candor, [and] cooperation" and to "agree to reasonable requests for extensions of time"—and childbirth is precisely the kind of foreseeable circumstance that cooperation should accommodate. But the Creed is "primarily aspirational." It imposes no legal duty, and a lawyer asked for an accommodation must weigh whether agreeing is consistent with the ethical duty to serve their client. Opposing counsel's refusal here, whatever one thinks of it, violated no rule.

The preamble to the Texas Code of Judicial Conduct recognizes that judges are not only "arbiters of facts and law" but also "highly visible symbol[s] of government under the rule of law." In circumstances like counsel's impending childbirth—an ordinary and foreseeable part of professional life—the court could have exercised its considerable discretion to accommodate counsel. Its decision not to do so underscores the gap between the aspirational ideals of the Code and the practical realities faced by attorneys.

Texas came close to providing more concrete protections. In 2019, the Supreme Court Advisory Committee recommended a rule providing for parental-leave continuances, and a draft amendment to Rule 253 was circulated the following year. No rule was ever adopted, and Rule

253 stands unchanged. Other states, however, have acted. Florida requires a court to grant an attorney's timely motion for a parental-leave continuance—presumptively capped at three months—unless the court makes written findings of substantial prejudice or unreasonable delay. FLA. R. GEN. PRAC. & JUD. ADMIN. 2.570. North Carolina entitles attorneys to designate up to twelve additional weeks of secure leave surrounding the birth or adoption of a child, during which covered proceedings may not be scheduled. N.C. GEN. R. PRAC. 26. And Minnesota has adopted a rule allowing an automatic continuance of up to ninety days—no hearing required—on an attorney's timely application based on the birth or adoption of a child, among other qualifying life events. MINN. GEN. R. PRAC. 18.

Our justice system should not force litigators to choose between parental leave and their careers. The rules, however, provide only one mechanism for ensuring that leave is protected: a timely, verified motion for continuance supported by sworn facts. If counsel's impending childbirth does not persuade opposing counsel to agree or the trial court to accommodate, the rules require counsel to file a verified motion to give an appellate court something it can meaningfully review. With these observations, I join the court's denial of mandamus relief.

Velia J. Meza, Justice